UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH CARVER,

    Plaintiff,

  v.

DR. HENRY RICHARDS *et al.*,

    Defendants

Case No. C08-5052BHS/JKA

ORDER GRANTING *IN FORMA PAUPERIS* STATUS TO PLAINTIFF CARVER AND DENYING HIS MOTION FOR RECONSIDERATION

    This case has been referred to the undersigned Magistrate Judge. The proposed original complaint listed two plaintiffs, Joseph Carver and Samuel Donaghe. Plaintiffs appeared pro se and attempted to file this complaint on behalf of themselves and as representatives of a class (Dkt # 3).

    The court ordered each plaintiff to file separate complaints raising only issues germane to that individual. The court severed Mr. Donaghe from this action (Dkt. # 9). The court also ordered the plaintiffs to submit information regarding outside bank accounts so the court could determine if each plaintiff was entitled to a grant of *in forma pauperis* status (Dkt # 9). Plaintiffs object to providing additional information but inform the court they have no outside bank accounts (Dkt. # 10).

    The court's concern that the plaintiffs may have had funds they were not disclosing came from the original proposed complaint itself. Plaintiffs allege that one of them, Mr. Donaghe,

ORDER

1  attempted to open bank accounts outside of the facility (Dkt. # 1, page 37 of 68 section "R").

2  When a person is a prisoner it is possible to determine if a grant of *in forma pauperis* is
3  warranted by simply looking at the prisoners trust account.  When a person who is not a prisoner
4  applies to proceed *in forma pauperis*, the court, under 28 U.S. C. 1915, requires an affidavit of "all
5  assets."  28 U.S.C. § 1915 (a) speaks to both prisoners and non prisoners.

6  Given Mr. Carver's affirmation that he has no outside bank accounts his motion to proceed *in
7  forma pauperis* is now **GRANTED.**

8  The remainder of plaintiff's motion is a motion for reconsideration of the court order to file
9  separate complaints that only raise issues germane to that plaintiff.  Motions for reconsideration
10 under Local Rule 7 (h) are disfavored and will normally be granted only on a showing of manifest
11 error or based on new facts or legal authority which could not have been brought to the courts
12 attention earlier with reasonable diligence.  See Local Rule 7 (h).

13 A review of the pleadings and the motion for reconsideration shows the court's prior ruling
14 was not in error.  The 72-page proposed complaint contains at least 31 separate claims and six
15 separate causes of action (Dkt. 3).  One of these claims is for "interference with personal finances"
16 (Dkt. # 3, Proposed complaint claim "R" page 35 and 36).  Mr. Donaghe alleges he could not open
17 an outside bank account and that other unnamed persons were asked to transfer control of their
18 accounts to the treatment providers, the SCC.   Now, the court is informed that one of the proposed
19 plaintiffs does not have any outside bank accounts. Further, there is nothing in the compliant
20 indicating this plaintiff ever attempted to open an outside bank account.  It is reasonable to question
21 if this plaintiff, Mr. Carver, has standing to pursue this issue.  Further, in the motion for
22 reconsideration plaintiffs make the argument that Mr. Donaghe "does the legal work," but,  Mr.
23 Carver has standing to raise an issue of failure to protect (Dkt # 10).

24 The court is convinced each plaintiff should file a separate action raising only the claims that
25 each have standing to pursue.  Mr. Donaghe may not act as counsel for another person as he is not
26 an attorney.  A complaint that only raises issues and claims germane to each plaintiff may meet the
27 requirements of Fed. Rule Civ. P. 8 (a).  The proposed complaint in this case did not.

28 ORDER

1  This does not prevent Mr. Donaghe from assisting Mr. Carver if he wishes to do so, but, all
2  pleadings, including any motion or request for court action, must be signed by the plaintiff in this
3  action, Mr. Carver.
4  The Clerk is directed to send a copy of this Order to plaintiff and to remove (Dkt. # 1, 2, 3,
5  and 10) from the court's calendar. A proposed amended complaint is due on or before March 15,
6  2008 as ordered on February 13, 2008.

DATED this 11 day of March 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

28 ORDER